JOHN S. LEONARDO
United States Attorney

JULIE A. EDELSTEIN
Trial Attorney
Counterintelligence and Export Control Section
National Security Division
U.S. Department of Justice

District of Arizona
DAVID A. PIMSNER
KRISTEN BROOK
Assistant U.S. Attorneys
Arizona State Bar No. 007480
Arizona State Bar No. 023121
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
David.pimsner@usdoj.gov
Kristen.brook@usdoj.gov
Attorneys for plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-14-00191-PHX-DGC |
| Plaintiff, | |
| vs. | **JOINT MOTION TO DISMISS WITH PREJUDICE** |
| 1. Marc Turi, and<br>2. Turi Defense Group, | |
| Defendants. | |

The United States of America, by and through undersigned counsel, and Marc Turi and Turi Defense Group, by and through their respective counsel, move this Court under Rule 48(a) of the Federal Rules of Criminal Procedure for an order dismissing all counts with prejudice in the above-captioned matter for the reasons stated herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The issue of discovery has been extensively litigated in this matter. On October 3, 2014, Defendants filed a motion seeking in part "documents or other evidence relating to instances in which the United States assisted or considered assisting in the covert

transportation, provision, acquisition, transfer, or transport of 'Defense Articles' to or from any person, entity, group of people, quasi-governmental entity, or government within the territory of Libya from 2010 to the date of the request." (Dkt. No. 63 at 3) (citing Dkt. No. 55 at 5).

On October 22, 2014, the Court found Defendants' request was "overly broad" and required the government to produce "a narrower category of information: documents which relate to efforts by the United States to arrange for arms brokers to arrange covert transfers of weapons to the NTC in Libya between the beginning of 2010 and the end of 2011" ("Category 2 documents"). (Dkt. No. 63 at 4).

The government searched for records as required by the October 22, 2014 order. The government apprised the Court of the results of its search for such documents through a motion under Section 4 of the Classified Information Procedures Act, 18 U.S.C. App. 3 § 4. Subsequently, the Government apprised counsel for Defendant Turi of the results in a classified document.

On June 16, 2015, Defendants filed a motion seeking an order requiring the government to show cause why it should not be sanctioned for failing to produce Category 2 documents relating to the Court's October 22, 2014 Order. (Dkt. No. 171). The motion was briefed and the Court conducted a status conference on August 11, 2015, during which there was an extensive discussion of the meaning of the terms "efforts" versus "contemplation," and that the government's disclosure obligations were limited to "efforts." During the hearing, the Court noted that, by its October 22, 2014 Order, it intended to order the disclosure of a document "if it relates to an effort to arm rebels, something that actually occurred, then it should be disclosed," but it also pointed out that "there is a difference between actively contemplating and doing it." (RT 8/11/15 at 7, 9). On October 2, 2015, the Court denied the Defendants' motion and again reiterated that "Category 2 does not call for documents relating to 'possible efforts' or 'contemplated efforts' to arm Libyan rebels." (Dkt. No. 249 at 4).

Defendants again filed a motion seeking to compel additional information. On March 25, 2016, the Court issued an order reversing its prior rulings and ordered more

extensive discovery. As a result, government counsel consulted various government entities in accordance with the order.

While the latest discovery order was pending, Defendants negotiated with the Directorate of Defense Trade Controls ("DDTC").[1] Defendants and DDTC have now reached an administrative settlement that is memorialized in a signed consent agreement between DDTC and the Defendants (Attached as sealed Exhibit A).

In light of the Court's discovery rulings, the administrative resolution between DDTC and the defendant, and other factors, the government seeks leave of the Court to dismiss the criminal matter with prejudice pursuant to Rule 48(a). Dismissal is appropriate under Rule 48(a) in these circumstances. *See, e.g., United States v. Gonzales*, 58 F.3d 459, 461 (9th Cir. 1995) (reversing denial of prosecution's motion to dismiss charges with prejudice, made with consent of defendant, and noting that "in the category of cases in which the defendant consents to the prosecution's request, there is a question as to whether a district court may ever deny an uncontested Rule 48(a) motion").

While the parties disagree on the facts of this case and the defendants' deny any criminal conduct, the defendants' acknowledge that the charges obtained in this case were

///

///

///

///

---

[1] DDTC is the regulatory body responsible for enforcing compliance with the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. Chapter 1, Subchapter M, Parts 120 - 130.

based in fact. Undersigned counsel avows that counsel for Turi and Turi Defense Group join in this motion and the relief requested herein.

Respectfully submitted this _____ day of October, 2016.

| JOHN S. LEONARDO<br>United States Attorney<br>District of Arizona | PERKINS COIE LLP |
|---|---|
| */s/ Kristen Brook*<br>KRISTEN BROOK<br>DAVID A. PIMSNER<br>Assistant U.S. Attorneys | */s/ Jean-Jacques "J" Cabou*<br>JEAN-JACQUES "J" CABOU<br>Counsel for Marc Turi<br><br>*/s/ Thomas D. Ryerson*<br>THOMAS D. RYERSON<br>/s/ *Alexis E. Danneman*<br>ALEXIS E. DANNEMAN<br>Pro bono Counsel for<br>Turi Defense Group |

## CERTIFICATE OF SERVICE

I hereby certify that on or about October 3, 2016, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System and sent a copy of the attached document to the following CM/ECF registrants:

Jean-Jacques Cabou, Attorney for Defendant Turi, and
Thomas Ryerson and Alexis Danneman, Attorneys for Turi Defense Group

KB/nh